The opinion of the Court was delivered by
Whitster, J.
The points raised in the grounds of appeal, involve inquiries into the competency of evidence rejected on the part of the defendant and "admitted bn the part of'the plaintiffs.
I think the case will, perhaps, be more readily understood by reversing their order; and I proceed, therefore, first to inquire, whether the deed from sheriff Gibbs to plaintiffs was admissible. The Act of Assembly of 1839, (11 Stat. 38, sec. 61,) is very explicit. “ In all cases where any sheriff shall have legally sold, or hereafter shall legally sell, any real or *41 personal estate, and snob sheriff is now dead, resigned, or out of office, or shall hereafter die, resign, or otherwise go out of office, before he shall have executed titles therefor to the purchaser, it shall be lawful for any subsequent sheriff of the same district, upon the terms of the sale being complied with, or satisfactory evidence produced that they have been- complied with, to make and execute good and sufficient titles to the purchaser for the property sold.”
Prom the earnest zeal with which .this ground is pressed, I have thought it proper to present the entire section of the Act, and I ask merely that the facts established by plaintiffs, and as shown by the brief, may be reviewed. Jt will appear, that the lands of this defendant were legally sold by a sheriff who went out of office without having executed titles to the purchaser, who had paid the money, and thus complied with the terms of the sale; the most satisfactory evidence whereof existed, and the money applied to executions in the office. The purchaser died without having received a deed, and these plaintiffs, in virtue of his last will and testament, and an assignment regularly executed from the party succeeding to the estate of testator, and an order to the sheriff in like manner regularly executed, received from the successor in office the deed in question. Taking up the case as we are obliged, a branch at a time, what good objection existed to its admissibility when thus offered. Every requisition of the statute was met, and unless the right to a title deed was forfeited by the death of the purchaser, what else appeared as ground of objection. It cannot be maintained, that a purchaser at sheriff’s sale may not rightfully transfer his interest. In fact, I do not understand this to have been seriously con-troyerted in the argument. The case of M'Elmurray vs. Ardis, 3 Strob. 212, is directly in, point. The time which had intervened constituted no bar. It is not to be found in the statute, or to be inferred from any recognised principle of law.
*42 In reference to tbe other ground of appeal, the report of the case sufficiently suggests the difficutly in the way of the defence attempted. A purchaser at a sheriff’s sale acquires all the right and title to the land sold then in the defendant in execution. “ In an action of trespass to try titles by the purchaser against the defendant, the defendant will not be permitted to give evidence that the title of the land was not in himself, but another, whose tenant he was.” O'Neall vs. Duncan, 4 M’C. 246. Cases have been multiplied, and the doctrine is now familiar.
“ The sheriff is the agent of the defendant in execution in selling his land to pay his debt, and hence the sheriff’s deed operates very much as his own.” “It is too clear to be questioned,” says O’Neall, J., in a case of strong analogy, “that this defendant cannot set up a paramount title in another to defeat the purchaser of his own title.” 2 Eich. 26.
The case is 'doubly fortified as against this defendant, who, by a written paper, set up on another occasion in a proceeding in equity, showed his admission of title in the purchaser at sheriff’s sale, 'with whom he had treated for a repurchase. It is not the case cited by corrnsel of Pope vs. Clark & Manning, 2 Strob. 363, where a landlord had been admitted as a co-defendant. In such a proceeding, where one comes in by leave of the court, there is no surprise, and, to avoid the multiplicity of suits, there is propriety in enlarging the inquiry and permitting such title tó be shown as would entitle to a recovery against the plaintiff, even although he was in possession and defendant in the action. The reason is manifest for adhering to rules, and the fact that another, in whom it is insisted there is a perfect paramount title, has not thought proper to assume the responsibility of taking his place on the record, but has chosen rather to conduct this contest behind one claiming as a tenant, and it may be wholly irresponsible, *43 may afford a proper illustration of tbe wisdom of such, rules.
I bave not entered upon any inquiry as to tbe relation of plaintiffs’ deed to tbe judgment and execution under wbicb tbe land was originally sold. It bas not been necessary to tbe case made. Such, a question on tbe part of tbe present plaintiffs, with others suggested on tbe part of tbe defendant, may find their solution when other parties present themselves on this battle-field, already somewhat notorious in our court.
Tbe motion for a new trial is refused.
O’Neall, Withers, Glover, and Muítro, JJ., concurred.

Motion refused.